FILED
COURT OF APPEALS
DIVISION II

2013 JUN -4 AM 8:57

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

### DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42904-7-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| MAURICIO TERRENCE PAIGE-COLTER, | |
| Appellant. | |

BJORGEN, J. — Mauricio Paige-Colter appeals from his judgment and sentence, arguing that the trial court erred in finding that he had the present or likely future ability to pay legal financial obligations. In a statement of additional grounds, he contends that his victim has recanted her testimony against him and that he should receive a new trial. We affirm.[1]

On November 29, 2011, a jury found Paige-Colter guilty of first degree assault and first degree unlawful possession of a firearm. At sentencing, the trial court imposed the following legal financial obligations requested by the State: $500 victim assessment, $200 criminal filing fee, $100 deoxyribonucleic acid (DNA) collection fee, and $1,500 Department of Assigned Counsel (DAC) recoupment fee. The court made the following finding:

> The court has considered the total amount owing, the [defendant's] past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.

Clerk's Papers at 74.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

Paige-Colter argues that the trial court erred in finding that he had the current or likely future ability to pay the legal financial obligations imposed by the court because nothing in the record supported that finding. *State v. Bertrand*, 165 Wn. App. 393, 404, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1024 (2012). Before making such a finding, the trial court must "'[take] into account [the] financial resources of the defendant and the nature of the burden'" imposed by the legal financial obligations. *Bertrand*, 165 Wn. App. at 404 (quoting *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)).

But *Bertrand* did not address which, if any, of the legal financial obligations that the trial court imposed were mandatory. A $500 victim assessment is required by RCW 7.68.035, irrespective of the defendant's ability to pay. *State v. Curry*, 62 Wn. App. 676, 680, 814 P.2d 1252 (1991). A $100 DNA collection fee is required by RCW 43.43.7541, irrespective of the defendant's ability to pay. *State v. Thompson*, 153 Wn. App. 325, 336, 223 P.3d 1165 (2009). A $200 criminal filing fee is required by RCW 36.18.020(2)(h). Because these legal financial obligations were mandatory, the trial court's finding of Paige-Colter's current or likely future ability to pay them is surplusage.

The only discretionary legal financial obligation imposed was the $1,500 DAC recoupment fee. Paige-Colter did not object at his sentencing to the finding of his current or likely future ability to pay his legal financial obligations. Consistent with our recent decision in *State v. Blazina*, No. 42728-1-II, 2013 WL 2217206 (Wash. Ct. App. May 21, 2013) and RAP 2.5(a), we decline to allow Paige-Coulter to challenge that finding for the first time in this appeal.

Paige-Colter filed a statement of additional grounds that appends an affidavit from the victim recanting her testimony that Paige-Colter shot her. From this, Paige-Coulter argues that

he should be given a new trial or evidentiary hearing on the recantation or that charges should be dismissed.

By its nature, a claim of recantation should be raised in the trial court under CrR 7.5 or 7.8, because the credibility of the recantation must be judicially evaluated, and this court is poorly suited to make such an evaluation. The record does not show that a motion for a new trial was made under CrR 7.5. Any claim based on the alleged recantation, therefore, should be raised through a motion under CrR 7.8, if its requirements are met. For this reason, we deny Paige-Colter's request to us for a new trial, evidentiary hearing, or dismissal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

VAN DEREN, J.

JOHANSON, A.C.J.

3